**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30206

UNITED STATES,

Plaintiff-Appellee,

VERSUS

MICHAEL ALAN SIMPSON,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(95-CR-50016)

October 9, 1996

Before GARWOOD, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Alan Simpson appeals the district court's enhancement of his offense level under U.S.S.G. § 3B1.1. Specifically, Simpson claims that the district court clearly erred in combining the abuse-of-trust concept with the special-skill concept for purposes of the two-level enhancement. Further, Simpson argues that neither

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

concept applies to his case.  The government argues that the district court properly applied the two concepts; no error occured because § 3B1.1 was written in the disjunctive.

We find that no evidence supports a contention that Simpson's "skill" as a real estate agent signficantly facilitated his offense of conviction.  Although the government argued at sentencing that Simpson had collected real estate commissions in several transactions in which his companies participated in the sales of the properties, the skills used by Simpson during the transactions did not significantly facilitate his offense of conviction.

We also find that Simpson had no relationship of trust with the victims of this case, HUD and the FHA.  Thus, he could not have abused a positions of trust.  As to the sellers of property Simpson came in contact with, the mere fact that he had a real estate license did not put him in a position of trust as a buyer of properties.

Accordingly, because Simpson neither held a position of trust nor used a special skill with respect to the offense of conviction, we find that the district court clearly erred in assessing the adjustment pursuant to § 3B1.3.  This finding renders Simpson's alternative argument that the combination of these concepts is impermissible moot.  Simpson's sentence is VACATED and REMANDED to the district court for resentencing.